

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| IN & OUT WELDERS, INC., § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 7:16-04021-MGL | |
| § | | |
| SUNBELT RENTALS, INC., § | | |
| Defendant. § | | |

**ORDER DENYING DEFENDANT'S MOTIONS FOR ATTORNEYS' FEES
AND TO STAY THE ACTION**

This is a breach of contract action. The matter is before the Court on the motions of Defendant Sunbelt Rentals, Inc. (Defendant) pursuant to Rule 41(d) of the Federal Rules of Civil Procedure (1) for an award of attorneys' fees in the amount of $138,766.96 against Plaintiff In & Out Welders, Inc. (Plaintiff) and (2) to stay this case. The Court has jurisdiction over the matter under 28 U.S.C. § 1332. Having reviewed the motions, the response, the reply, the sur-reply, the record, and the applicable law, the Court will deny Defendant's motions.

In Defendant's motion for attorneys' fees, it seeks an award under Rule 41(d) representing a portion of its attorneys' fees incurred in connection with an action previously dismissed by Plaintiff in the Central District of California. Defendant also moves the Court to stay this matter until Plaintiff makes such payment.

Rule 41(d) states:

If a plaintiff who previously dismissed an action in any court files an action based
on or including the same claim against the same defendant, the court:
(1) may order the plaintiff to pay all or part of the costs of that previous action; and

1

(2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

The Court of Appeals for the Fourth Circuit has determined Rule 41(d) may give rise to an award of attorneys' fees, but "only where the underlying statute provides for attorneys' fees" or where "the plaintiff has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 311 (4th Cir. 2016) (internal quotation marks omitted). "A determination of bad faith, vexation, or forum shopping is a finding of fact underlying the district court's discretionary decision to award fees . . . ." *Id.* at 312 (internal quotation marks omitted).

Applying the above standard to the instant matter, the Court holds Defendant has failed to demonstrate Plaintiff has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as required to merit an award of attorneys' fees under Rule 41(d). The record conclusively shows the parties attempted, albeit unsuccessfully, to resolve disputes over the proper venue for the claims in this action. The parties' proposed agreement on this issue failed for a number of reasons, and Plaintiff chose to voluntarily dismiss its action in California and re-file its claims here. Under the facts of this case, Defendant is unentitled to an award of attorneys' fees under Rule 41(d). The Court will thus deny Defendant's motion for attorneys' fees.

Therefore, it is the judgment of this Court Defendant's motion for attorneys' fees is **DENIED**. Consequently, Defendant's motion to stay is necessarily **DENIED**.

Each party shall bear its own fees and costs in this matter.

**IT IS SO ORDERED.**

Signed this 26th day of April, 2017, in Columbia, South Carolina.


                                           <u>/s/Mary Geiger Lewis</u>
                                           MARY GEIGER LEWIS
                                           UNITED STATE DISTRICT JUDGE