

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| IN & OUT WELDERS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:16-04021-MGL |
| | § | |
| SUNBELT RENTALS, INC., | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

## I.  INTRODUCTION

This is a breach of contract putative class action.  This is one of several putative class lawsuits filed against Defendant Sunbelt Rentals, Inc. (Defendant) across the United States.  The Court has jurisdiction over the matter under 28 U.S.C. § 1332.

Pending before the Court is Defendant's motion to dismiss the First Amended Class Action Complaint (Complaint) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having reviewed the motion, the response, the reply, the record, and the applicable law, the Court will deny Defendant's motion.


## II.  FACTUAL AND PROCEDURAL HISTORY

The Court draws the relevant facts for purposes of this motion from the Complaint. Plaintiff In & Out Welders, Inc. (Plaintiff) is an Alabama corporation.  Defendant is a North

Carolina corporation with its principal place of business in South Carolina. Plaintiff has rented equipment from Defendant in at least sixteen states, including South Carolina.

Plaintiff alleges Defendant requires every customer seeking to rent equipment to enter into a standard, pre-printed rental contract. Plaintiff attached a blank form contract to the Complaint, which Plaintiff states contains identical relevant language for every transaction throughout the putative class period. This form contract establishes, in relevant part:

> Customer is responsible for (i) all rental rates, fees, licenses, taxes and governmental charges based on Customer's use of the Equipment[;] (ii) delivery and pickup costs to and from the Store; [and] (vi) fuel used during the Rental Period (Customer may either return the Equipment fully fueled or a fuel charge shall be assessed (designed to cover [Defendant's] direct and indirect costs of refueling the Equipment)) . . . .

ECF No. 29-1 at 3. Pursuant to the rental contracts, if Defendant refuels or transports equipment, it may charge for (1) refueling an amount "designed to cover [Defendant's] direct and indirect costs of refueling" (the Refueling Charges) and for (2) transportation an amount designed to cover its "delivery and pickup costs to and from the Store" (the Transportation Surcharges). ECF No. 29 at 8-9.

The Complaint avers Defendant knowingly breached these contractual mandates by assessing (1) Refueling Charges not designed to cover just its refueling costs, which resulted in Defendant recovering far more than those costs, and (2) Transportation Surcharges on top of what Defendant already charged for pickup and delivery, ensuring Defendant recovered far more than its pickup and delivery costs. Plaintiff maintains no putative class member in this action could have had full knowledge of the alleged unlawful nature of Defendant's conduct.

Defendant filed its motion to dismiss on April 21, 2017, to which Plaintiff filed a response and Defendant filed a reply. In Defendant's motion to dismiss, it attached a sample contract purportedly reflecting a September 10, 2014, rental transaction between Plaintiff and Defendant,

2

along with related invoices. ECF Nos. 37-2 to -5. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Defendant's motion.

### III. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2).

Although Rule 8(a) does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S.

at 678-79. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

IV. **CONTENTIONS OF THE PARTIES**

In Defendant's motion, it first contends Plaintiff's claim for breach of contract fails because the Complaint neglects to allege a material breach or damages. Defendant states, by way of example, the September 10, 2014, contract expressly disclosed the amount of the Transportation Surcharges at the inception of the rental transaction. Further, Defendant claims it disclosed the amount of the Refueling Charges at the end of the transaction, and the contract made clear Plaintiff would be responsible for refueling the equipment. Essentially, Defendant asseverates Plaintiff paid the amounts it agreed to pay, as shown by the example of the September 10, 2014, contract and invoices, and therefore Plaintiff cannot bring a breach of contract claim.

Next, Defendant maintains Plaintiff's second cause of action alleging breach of the implied covenant of good faith and fair dealing fails as a matter of law. Finally, Defendant urges Plaintiff's claims are barred by the voluntary payment doctrine because Plaintiff voluntarily paid the Transportation Surcharges and the Refueling Charges without protest or inquiry.

Plaintiff takes issue with each of Defendant's assertions.

V. **DISCUSSION AND ANALYSIS**

For organizational purposes, the Court will discuss Defendant's three arguments in an order different than Defendant presents them. The Court first turns to Defendant's argument Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law.

Defendant argues it is entitled to dismissal of this claim, alleging South Carolina does not recognize this claim as an independent cause of action. Plaintiff responds by asserting it brings this claim as an additional ground for breach of contract, stating Defendant "has breached the contract, additionally, by acting in bad faith, arbitrarily, and without honesty in fact." ECF No. 39 at 19. In South Carolina, "the implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract." *RoTEC Servs, Inc. v. Encompass Servs, Inc.*, 597 S.E.2d 881, 884 (S.C. Ct. App. 2004). Rather, it is subsumed under the claim for breach of contract. *Id.* at 883. The implied covenant of good faith and fair dealing is "another term of the contract at issue" and is "implied in every contract." *Id.* at 884. Therefore, the Court will deny Defendant's motion to dismiss as it pertains to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, with the clarification that this claim is another ground upon which Plaintiff alleges the contract was breached, and not a separate cause of action.

Next, the Court addresses Defendant's argument Plaintiff's claims are barred by the voluntary payment doctrine. Defendant seeks to use the September 10, 2014, contract to show it fully disclosed the amount of the Refueling Charges through invoices at the conclusion of the transaction and the amount of the Transportation Surcharges in the contract at the inception of the rental transaction. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating courts may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic" when reviewing a Rule 12(b)(6) motion). Defendant also states Plaintiff voluntarily paid the Refueling Charges and the Transportation Surcharges for years.

In South Carolina, "[i]t is well-settled law that money voluntarily paid with full knowledge of all material facts and without any fraud, duress, or extortion cannot be recovered, although there was no legal obligation to make such payment." *Shockley v. Wickliffe*, 148 S.E. 476, 477 (S.C. 1929)

(citing *Hardaway v. S. Ry.*, 73 S.E. 1020, 1025 (S.C. 1912)). The voluntary payment doctrine is an affirmative defense; consequently, Defendant's motion to dismiss should be granted only if the applicability of the doctrine is apparent from the face of the Complaint. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). As noted above, Plaintiff maintains no putative class member in this action could have had full knowledge of the alleged unlawful nature of Defendant's conduct at the time the payments were made.

Viewing the factual allegations of the Complaint in the light most favorable to Plaintiff, the Court holds the face of the Complaint fails to show whether Plaintiff had full knowledge of Defendant's alleged wrongful conduct. The Court is firmly of the view determining the state of Plaintiff's knowledge, and thus the voluntariness of payment, are fact-intensive inquiries properly reserved for any motion or motions for summary judgment the parties may decide to file at the close of discovery. Accordingly, the Court holds, at this juncture, Defendant's arguments regarding the voluntary payment doctrine are premature.

Finally, the Court examines Defendant's contention Plaintiff's claim for breach of contract fails as a matter of law. But, the only contracts in the record are the blank form contract provided by Plaintiff and the September 10, 2014, contract provided by Defendant. The Court is unprepared, at this very early stage of the litigation, without any discovery having taken place, to grant Defendants' motion on this issue. Therefore, the Court will deny the remainder of Defendants' motion to dismiss.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Signed this 23rd day of May, 2017, in Columbia, South Carolina.

                                                <u>s/Mary Geiger Lewis</u>
                                                MARY GEIGER LEWIS
                                                UNITED STATE DISTRICT JUDGE